

<div style="border:1px solid">

Application granted. A telephone pre-motion conference has been scheduled for April 23, 2026 at 11:30 a.m. At the time of the scheduled conference, all parties shall call the following number: (855) 244-8681; access code 2317 236 5283.

The Clerk of Court is respectfully directed to terminate the letter motion pending at Doc. 16.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated:  White Plains, New York
        March 30, 2026

</div>

March 23, 2026

**VIA ECF**
Hon. Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street, Room 530
White Plains, New York 10601

<div style="text-align:center">

Re:    ***Richard Kontas v. Third Victory Media,***
       **No. 7:25-cv-10227-PMH**

</div>

Dear Judge Halpern:

Our firm represents Defendants Third Victory Media, LLC ("TVM") and Interest Media, Inc. (collectively, "Defendants") in the above-referenced action.  Pursuant to Your Honor's Individual Rules, we write to request a pre-motion conference regarding Defendants' planned motion to dismiss Plaintiff's Class Action Complaint, in its entirety and with prejudice, pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(6), and 12(f) of the Federal Rules of Civil Procedure.  In the alternative, Defendants intend to move to stay proceedings and compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 2.  A copy of Defendants Memorandum of Law in Support of their Motion to Dismiss is attached hereto as Exhibit A.

The claims asserted in this putative class action depend on an untenable chain of inferences and a fundamentally deficient theory of causation. According to the Complaint, Plaintiff alleges that during a two-month span in late 2022, he received seven unsolicited text messages on his cell phone from various unidentified phone numbers. The Complaint acknowledges that none of these messages disclosed who sent them. By Plaintiff's own account, he clicked on the embedded links, traversed multiple third-party websites, followed tracking redirects, and submitted his personal information on a website. Based on this convoluted series of steps and assumptions, Plaintiff now

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Beaumont, TX | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO
Detroit, MI | Edwardsville, IL | Madison, NJ | Garden City, NY | Hartford, CT | Houston, TX | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA
Louisville, KY | McLean, VA | Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orlando, FL | Philadelphia, PA | Phoenix, AZ
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Washington, DC | West Palm Beach, FL | White Plains, NY



asks this Court to conclude that Defendants were somehow responsible for the text messages. The Complaint sets forth two counts under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227: Count I alleges violations of the National Do Not Call Registry provisions, and Count II alleges violations of sender identification requirements. Each count fails for multiple independent reasons warranting dismissal with prejudice.

First, subject matter jurisdiction is lacking under Rule 12(b)(1) because Plaintiff fails to satisfy the traceability and redressability prongs of Article III standing. Although the Complaint identifies seven text messages sent from seven distinct phone numbers spanning multiple states, it fails to connect any of those numbers to either Defendant. The sole causation theory advanced is a tenuous multi-step inference-beginning with the text messages, proceeding to pendingprize.com (a website Defendants do not own), continuing through a tracking redirect at imtrk.go2cloud.org (also not owned by Defendants), and terminating at a TVM-owned website-that falls far short of establishing that either Defendant caused the messages to be sent. The Second Circuit has consistently rejected TCPA claims predicated on such attenuated and conclusory pleading. *See Bank v. Spark Energy, LLC*, 860 F. App'x 205, 206 (2d Cir. 2021); *Bank v. Alarm.com Holdings, Inc.*, 828 F. App'x 5, 8 (2d Cir. 2020).

The standing deficiency is further highlighted by the circumstances surrounding Plaintiff's conduct. Plaintiff is a repeat TCPA filer who, by his own admission, undertook a calculated "investigative" effort to identify potential defendants. The Complaint discloses that after receiving the text messages, Plaintiff clicked the embedded links, navigated through pendingprize.com, followed the tracking redirects, and eventually "entered information" on a website allegedly operated by TVM—all purportedly "for investigative purposes." This pattern of conduct is inconsistent with that of an ordinary consumer harassed by unwanted telemarketing; rather, it

reflects a litigant actively constructing a lawsuit. As one court noted, "it is unfathomable that Congress considered a consumer who files TCPA actions as a business when it enacted the TCPA." *Stoops v Wells Fargo Bank, N.A.*, 197 F Supp 3d 782, 805 (WD Pa 2016). Such self-inflicted injuries bear no connection to any alleged conduct by Defendants and fail to satisfy Article III standing requirements. Furthermore, because the text messages originated from an unknown third party without any established connection to Defendants, obtaining a judgment against Defendants would not prevent that third party from continuing to send additional messages-rendering Plaintiff's alleged injury non-redressable.

Second, the Court lacks personal jurisdiction over Interest Media under Rule 12(b)(2). Due process requires that a defendant maintain "minimum contacts" with the forum state such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Interest Media is incorporated in Delaware and headquartered in Missouri. It maintains no office, employs no personnel, has no physical presence, has entered into no contracts, and has conducted no direct business transactions in New York. The Complaint's jurisdictional theory rests entirely on imputing TVM's New York contacts to Interest Media through conclusory assertions of a "joint enterprise" and overlapping corporate officers. Merely alleging shared officers and addresses does not establish that Interest Media transacted business in New York or directed conduct toward the forum. *See Parsons v Kal Kan Food, Inc.*, 68 AD3d 1501, 1503 (3d Dept 2009). The Complaint's effort to attribute TVM's forum contacts to Interest Media via unsubstantiated joint enterprise claims represents the type of jurisdictional bootstrapping that due process prohibits.

Third, assuming arguendo that standing and personal jurisdiction exist, the Complaint nonetheless fails to state a viable claim under Rule 12(b)(6).



Initially, the text messages at issue promoted a sweepstakes opportunity rather than the purchase or rental of goods or services, and thus do not qualify as actionable "telephone solicitations" under the TCPA. Notably, the Complaint's own proposed class definition characterizes the messages as "advertising sweepstakes or rewards"-an admission that precludes any effort to recharacterize a prize promotion as a commercial solicitation. Even assuming the messages could somehow be deemed solicitations, the Complaint is devoid of facts supporting the conclusion that either Defendant actually sent the messages or directed another party to do so. The alleged nexus consists solely of a series of website redirects, which at most establish that TVM operates a website that received traffic from external sources beyond its control. The purported connection to Interest Media is even more tenuous, resting only on a privacy policy appearing on a separate website. The Complaint's conclusory joint enterprise allegations fail to remedy these pleading deficiencies, as Plaintiff has not alleged even the basic elements required to establish a joint enterprise.

Fourth, the class allegations should be dismissed or stricken under Rule 12(f) for multiple independent grounds. By interacting with Defendants' website, Plaintiff agreed to Terms and Conditions containing a class action waiver that expressly references the TCPA. Setting aside this waiver, the proposed class definitions constitute impermissible "fail-safe" definitions that require resolving the merits to determine class membership, the central liability question necessitates individualized inquiry, and Plaintiff's history as a serial TCPA litigant who deliberately engaged with the messages "for investigative purposes" renders him atypical of and inadequate to represent ordinary consumers. Moreover, the viability of the class allegations depends entirely on Plaintiff's individual claims, which are deficient on all of the grounds described above.

Finally, in the alternative, if the Court concludes that any portion of Plaintiff's claims



survives dismissal, Defendants alternatively move to compel arbitration and stay proceedings pursuant to the Federal Arbitration Act. The Complaint's own allegations establish the factual predicate for arbitration: Plaintiff acknowledges that he visited primerewardspot.com, clicked "continue," and submitted his personal information-conduct that manifested assent to the website's Terms and Conditions. Those Terms prominently feature a "Notice of Agreement to Arbitrate and Class Action Waiver" and specify that "[c]ontinued use of or access to the Website shall be deemed to constitute your consent to be bound by the terms of this Agreement." The Terms include a comprehensive arbitration clause. The Terms further include a class action waiver providing: "All claims must be brought solely in an individual capacity, and not as a plaintiff or class member in any class, collective, representative, or private attorney general action, including but not limited to claims under the Telephone Consumer Protection Act." These provisions are valid and enforceable. *See Meyer v. Uber Technologies, Inc.*, 868 F.3d 66, 75-80 (2d Cir. 2017).

For the foregoing reasons, Defendants TVM and Interest Media respectfully request a pre-motion conference to discuss their planned motion to dismiss. In advance, we thank the Court for its consideration of this request and for its time and prompt attention to this matter.

Respectfully submitted,

*/s/ Kieran R. Lang*
Kieran R. Lang
Richard W. Boone Jr.
**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
150 E. 42nd Street
New York, NY 10017
Tel.  (212) 490-3000
Fax.  (212) 490-3038
kieran.lang@wilsonelser.com
richard.boone@wilsonelser.com

***Counsel for Defendants* Third Victory Media,
LLC ("TVM") and Interest Media, Inc.**



## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 23, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record in this case by operation of the Court' s electronic filing system.  Parties may access this filing through the Court's system.

By:    */s/ Kieran R. Lang*
        Kieran R. Lang

        ***Counsel for Defendants Third Victory Media, LLC and Interest Media, Inc.***