IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD KONTAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THIRD VICTORY MEDIA, LLC and INTEREST MEDIA, INC.,<br><br>Respondent. | Civil Action No.: 7:25-cv-10227-PMH |

**DECLARATION OF JEREMY MATTHEW HOGGATT IN SUPPORT OF
DEFENDANTS' MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION**

I, Jeremy Matthew Hoggatt, declares as follows:

1.      I am the Chief Executive Officer of Third Victory Media, LLC ("TVM"). I make this declaration based upon personal knowledge and my review of business records, and I am competent to testify to the matters stated herein

2.      TVM is a marketing company that provides advertising and customer acquisition services including through, among other methods, the operation of user-facing websites.

3.      The website primerewardspot.com (https://primerewardspot.com) (the "Site") is owned and operated by TVM. I am familiar with the Site and its operation, including the terms and conditions applicable to users of the Site and the manner in which users interact with and register on the Site.

4.      The Site is a rewards and gift card destination website. The homepage of the Site presents users with content relating to gift cards, branded offers, deals, and reward programs.

5. To access rewards on the Site Mr. Kontas would have to register with the Site by entering their email address into an email field on the Site and then clicking a button labeled "Continue." There is consent language about the Site's Terms of Use, which includes a mandatory arbitration provision, immediately below the "Continue" button. Below is a screenshot of the registration section of the Site.



6. Below the submission button on the registration section of the Site, the following language was displayed (the "Consent Language"):

> *By clicking 'Continue', I agree to receive relevant emails from PrimeRewardStop and its partners. I also agree to the Privacy Policy which includes details on the collection and use of my personal data, and the Terms of Use which includes a mandatory arbitration provision, and this site's use of site visit recording technology provided by TrustedForm, Jornaya and Lucky Orange. Eligibility of the gift card reward is subject to completion of Program Requirements.*

7. The blue "Terms of Use" text in the screenshot in paragraph 6 was a hyperlink to the Terms of Use. A true and correct copy of the Terms of Use is attached hereto as **Exhibit A.**

332216792v.1

8.  The introductory section of the Terms states: "Continued use of or access to the Website shall be deemed to constitute your consent to be bound by the terms of this Agreement and shall be enforceable in the same way as if it was signed by you."

9.  The Terms contain a prominent "Notice of Agreement to Arbitrate and Class Action Waiver" at the outset, which states: "By accepting these Terms, you agree to the agreement to arbitrate and class action waiver contained in Section 6 of these Terms below." This notice appears on the first page of the Terms, before the table of contents, and is plainly visible to any user who accesses the Terms through the hyperlink on the Site.

10.  Section 6 of the Terms contains a comprehensive arbitration provision (the "Arbitration Agreement"), which provides, in relevant part, as follows:

> *You and the Company agree that any and all disputes, claims, or controversies of any kind arising out of or relating to (a) your use of or access to the Website, (b) any products or services offered, marketed, sold, or provided in connection with the Website, or (c) any communications, calls, texts, or other contacts made to you after you opt in, shall be resolved exclusively through final and binding arbitration, rather than in court, except that either party may bring an individual claim in small claims court if it qualifies.*
>
> *This Agreement to Arbitrate applies to claims against the Company and against its parents, subsidiaries, affiliates, predecessors, successors, assigns, agents, service providers, licensors, vendors, marketing partners, and any other third parties that contact you in connection with your opt-in or the services offered (collectively, "Covered Parties").*

***

11.  The Arbitration Agreement expressly extends to "Covered Parties," which are defined to include "the Company and against its parents, subsidiaries, affiliates, predecessors, successors, assigns, agents, service providers, licensors, vendors, marketing partners, and any other third parties that contact you in connection with your opt-in or the services offered." Interest Media satisfies this definition and, therefore, is a Covered Party.

332216792v.1

12.    The Terms further state that "each Covered Party is an intended third-party beneficiary of this Agreement to Arbitrate and may enforce it to the same extent as the Company, including compelling arbitration of claims brought by you."

13.    Section 6 of the Terms also contains a class action waiver, which states:

*All claims must be brought solely in an individual capacity, and not as a plaintiff or class member in any class, collective, representative, or private attorney general action, including but not limited to claims under the Telephone Consumer Protection Act or state privacy statutes. The arbitrator may award relief only on an individual basis and only to the extent necessary to resolve the individual claimant's claim(s). No arbitration award may affect or benefit any other consumer or party.*

14.    The Arbitration Agreement also contains a delegation clause providing that "[t]he arbitrator, not any court, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of this Agreement to Arbitrate, including any claim that it is void or unenforceable in whole or in part."

15.    Section 7 of the Terms contains a consent-to-contact provision (the "Consent to Contact"), which states, in relevant part, as follows:

*You agree that providing your telephone number on the Website, you provide your signature expressly consenting to contact from the Company its subsidiaries, affiliates, or agents, and up to 30 of its marketing partners at the number provided by you regarding products or services via live, automated or prerecorded telephone call, text, or email. You understand that your telephone company may impose charges on you for these contacts, and you are not required to enter into this agreement as a condition of any purchase.*

16.    Arbitration under the Arbitration Agreement is to be administered by the American Arbitration Association ("AAA") under its applicable rules.  Arbitration shall take place in the county of the user's residence unless the parties agree otherwise, and the arbitrator shall apply Missouri substantive law.

17.    Mr. Kontas acknowledges clicking the continue button which brought him to a page to enter his name and contact information. Mr. Kontas could not have gotten to the page to enter

4

his name and contact information without first clicking the continue button above the consent language discussed in paragraph 5-6 above.

18.    TVM did not place any calls or texts to Mr. Kantos on behalf of *PrimeRewardSpot* between October and November 2022.  It is my understanding, based on personal knowledge, that Interest Media also placed no such calls.

19.    TVM has no record of receiving written notice from Mr. Kantos opting out of either the arbitration provisions or the class action waivers in the Terms of Use.

20.    TVM does not own pendingprize.com which is the site Mr. Kontas alleges redirected him to Primerewardsport.com.  It is my understanding, based on personal knowledge, that Interest Media also does not own pendingprize.com.

**Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

Executed on:  March 23, 2026

   /s/ *Jeremy Matthew Hoggatt*
   Jeremy Matthew Hoggatt

332216792v.1